West v B.C.R.E - 90 W. St., LLC (2018 NY Slip Op 03622)





West v B.C.R.E - 90 W. St., LLC


2018 NY Slip Op 03622


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, JJ.


157031/15 6590 6589

[*1]William T. West, et al., Plaintiffs-Respondents-Appellants,
v
B.C.R.E - 90 West Street, LLC, Defendant-Appellant-Respondent, Lee Rosen, Defendant.


Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant-respondent.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Serge Joseph of counsel), for respondents-appellants.



Amended order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about February 1, 2018, which, insofar as appealed from, denied defendant B.C.R.E. 90 West Street, LLC's motion for summary judgment declaring that plaintiffs' apartments are deregulated and not subject to rent stabilization, and granted plaintiffs' cross motion for summary judgment declaring that plaintiffs' leases are subject to rent stabilization, and so declared, unanimously reversed, on the law, without costs, and it is declared that plaintiffs' apartments were properly deregulated.
For the reasons stated in Kuzmich v 50 Murray St. Acquisition LLC (157 AD3d 556 [1st Dept 2018]), buildings receiving tax benefits pursuant to Real Property Tax Law § 421-g are subject to the luxury vacancy decontrol provisions of the Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504.2(a).
The fact that the subject building additionally received low-interest mortgage financing from the New York City Housing Development Corporation (HDC) does not bar application of this luxury decontrol scheme. Defendant owner's regulatory agreement with HDC merely requires that all units in the building be "subject to Rent Stabilization . . . to the extent Rent Stabilization applies to such Units" (emphasis added). The language of Private Housing Finance Law § 654-d(18) is substantially similar to that of Real Property Take Law § 421-g and should be interpreted consistently therewith.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK